UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EARLENE O. LAZELLE and DONALD LAZELLE, individually and the marital community composed thereof,

Plaintiffs,

v.

NOVARTIS PHARMACEUTICALS CORPORATION,

Defendant.

CASE NO. C06-5659RJB

ORDER GRANTING MOTION FOR LEAVE TO TAKE THE PERPETUATION DEPOSITION OF EARLENE LAZELLE

This matter comes before the Court on the plaintiffs' Motion for Leave to Take the Perpetuation Deposition of Earlene Lazelle (Dkt. 4). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. BACKGROUND

According to the complaint, plaintiff Ms. Lazelle was prescribed a drug called Aredia to inhibit bone loss and used the drug for approximately two years. Dkt. 1 at 5. Ms. Lazelle claims that Aredia is unreasonably dangerous and defective and caused her to suffer osteonecrosis of the jaw and other injuries. *Id.* at 8. Ms. Lazelle alleges the following claims: (1) defective design under the Washington Products Liability Act ("PLA"), RCW 7.72 *et seq.*; (2) manufacturing defect under the PLA; (3) failure to warn under the PLA; (4) breach of implied warranty under the PLA and RCW Title 62A; (5) negligence; (6) breach of express warranty; and (7) violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* Dkt. 1 at 8-18.

ORDER
Page 1

1    Plaintiff Ms. Lazelle has been diagnosed with end-stage chronic obstructive pulmonary
2 disease and relapse of multiple myeloma. Dkt. 4, Exh. 1 at 9. In June of 2006, Ms. Lazelle was
3 told that her life expectancy was short and that she was expected to survive months or less. Dkt.
4 4, Exh. 2 at 13. She was placed in a hospice program, and her condition has remained the same.
5 *See* Dkt. 4, Exh. 3 at 16.

6    This case is expected to be transferred to the ongoing multidistrict litigation captioned *In
7 Re: Aredia and Zometa Products Liability Litigation*, No. 3:06-md-01760 (M.D. Tenn.) in less
8 than two months. Dkt. 6-1 at 2.

9    The multidistrict litigation case is governed by a Case Management Order establishing
10 procedures for taking depositions before the time limit provided in Federal Rule 26(d):

> If there is a material risk that any plaintiff may become incapacitated – that is, become physically or mentally incapable of providing complete and accurate testimony – plaintiff's counsel may take a preservation deposition of the plaintiff. Prior to taking such a preservation deposition, the plaintiff must have filed a PFS that is complete in all material respects, then the Defendant shall be allowed to submit and receive answers to interrogatories from that Plaintiff. If counsel are unable to agree on the taking of a preservation deposition they shall contact the Magistrate Judge for further guidance about the matter.

*In re Aredia and Zometra*, Dkt. 89 at 21 (July 28, 2006). "PFS" refers to a Plaintiff's Fact Sheet that is designed to facilitate discovery in *In Re: Aredia and Zometa. In re Aredia and Zometra*, Dkt. 121 at 4 (Plaintiff's Fact Sheet). A completed PFS satisfies plaintiffs' initial disclosure obligations under Federal Rule 26(a)(1). *In re Aredia and Zometa*, Dkt. 89 at 15. This case is not yet part of *In re Aredia and Zometa* and is therefore not yet governed by the Case Management Order.

The plaintiffs move for permission to schedule Ms. Lazelle's deposition before the time periods allowed under Federal Rule 26(d). Dkt. 4 at 2.

## II. DISCOVERY STANDARDS

Federal Rule 26(d) provides that discovery commences after the parties have conferred as required by Federal Rule 26(f):

> Timing and Sequence of Discovery. Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the

ORDER
Page 2

parties have conferred as required by Rule 26(f).

Fed. R. Civ. P. 26(d). In this case, the deadline for such conference is January 29, 2007. Dkt. 3. Leave of court is required to take a deposition before the parties have conferred.

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,
>
> . . .
>
> (C) a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

Fed. R. Civ. P. 30(a)(2).

### III. DISCUSSION

The plaintiffs contend that deposition of Ms. Lazelle before the parties have conferred is appropriate in light of her medical condition. Dkt. 4. The defendant contends that granting the plaintiffs' motion would allow the Case Management Order in *In Re: Aredia and Zometa* to be circumvented and would unduly burden the defendant. Dkt. 6-1 at 3. The defendant contends that if the motion is to be granted, the deposition of Ms. Lazelle should be governed by the procedures set forth in *In re Aredia and Zometa* in order to ameliorate the prejudice to the defendants of a deposition of Ms. Lazelle at this early juncture. Dkt. 6-1 at 3 n.3. The defendant does not appear to contest that an early deposition may be warranted by Ms. Lazelle's medical condition. The plaintiffs did not file a reply and apparently do not contend complying with the Case Management Order would be prejudicial or unduly burdensome. In any event, the plaintiff would be required to comply with the Case Management Order upon transfer of this case to *In Re: Aredia and Zometa*. *See In re Aredia and Zometra*, Dkt. 89 at 2 ("This Order vacates any prior case management or scheduling order issued by a federal court prior to the transfer of a case to MDL 1760 . . . .").

The evidence before the Court demonstrates that postponing the deposition of Ms. Lazelle until after this case is transferred to *In Re: Aredia and Zometa* may be impossible as a result of her medical condition. It also appears that the defendants would be prejudiced by an early deposition of Ms. Lazelle without first having been provided information about Ms. Lazelle's

ORDER
Page 3

injuries and medical history. While the Case Management Order in *In Re: Aredia and Zometa* does not govern these proceedings, its procedures for the taking of early depositions provide a balance between the parties' interests and, as a practical matter, will likely govern these proceedings in the near future. To avoid inconsistency with the multidistrict litigation to which this case will likely be transferred and to prevent prejudice to the defendant, the Court should therefore grant the motion and allow the deposition of plaintiff Ms. Lazelle to be taken before the time limit in Federal Rule 26(d) subject to the procedures set forth in the portion of the *In Re: Aredia and Zometa* Case Management Order quoted above.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to take the Perpetuation Deposition of Earlene Lazelle (Dkt. 4) is **GRANTED** as follows:

(1) Plaintiffs' counsel may take a preservation deposition of the plaintiff on the following conditions:

> (A) Prior to taking such a preservation deposition, the plaintiff must serve and file with the Court a Plaintiff's Fact Sheet that is complete in all material respects as defined by the Case Scheduling Order in *In Re: Aredia and Zometa*, Dkt. 89 at 32.
>
> (B) The defendant will then be allowed to submit interrogatories to the plaintiff, provided that such interrogatories are submitted to plaintiff within seven days of receipt of the PFS. The deposition may be scheduled at any time following receipt of the plaintiff's answers to the interrogatories.

(2) If counsel are unable to agree on the taking of a preservation deposition, they shall contact the undersigned's chambers for further guidance about the matter.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of December, 2006.

Robert J. Bryan
United States District Judge